TATE & EHRHARDT, APPELLANT, V. HENRY LONEY, APPELLEE.

FILED DECEMBER 14, 1909.   No. 15,854.

Brokers: ACTION FOR COMMISSIONS: ESTOPPEL. A broker was duly authorized to sell defendant's real estate for $25 an acre, $3,000 of the consideration to be paid in cash, and the "balance $1,000, payments at 6 per cent." A *bona fide* purchaser was procured, ready, able and willing to buy the land at said price. He paid the broker $3,000, and offered to pay the remainder of the purchase price upon the execution of a deed conveying the land to him. Defendant refused to convey for the sole reason that he wanted a greater price for his land. *Held*, That, in a suit brought by the broker to recover his commission, defendant was estopped to defend on the ground that by the contract he had the right to demand that all of the purchase price in excess of $3,000 should be evidenced by promissory notes maturing within some reasonable period to be fixed by the payee thereof, and that the offer to pay all of the purchase price in cash was not a compliance with the broker's contract.

APPEAL from the district court for Pierce county: AN-SON A. WELCH, JUDGE. *Reversed*.

*Courtright & Sidner*, for appellant.

*M. H. Leamy* and *J. A. Williams, contra*.

ROOT, J.

This is an action to recover commission upon a broker's contract. There was an instructed verdict for defendant, and plaintiff appeals from the judgment rendered thereon. The contract is in writing, signed by the parties, and by

its terms plaintiff, a partnership, was authorized to sell defendant's land for not less than $25 an acre. Three thousand dollars should be paid in cash, "balance. $1,000, payments at 6 per cent." Defendant in his answer denies making the contract, but alleges that, although he signed the writing, it was prepared by a member of the plaintiff, and the minimum price for which the land was to be sold was fraudulently written $800 less than stated and understood by defendant. No evidence was introduced by defendant. Defendant's motion for a directed verdict is a demurrer to the evidence, and the court should consider as established all facts proved by the evidence and all inferences which can logically and reasonably be drawn therefrom. *Harris v. Lincoln Traction Co.*, 78 Neb. 681. The evidence, undisputed as it is, proves that plaintiff, after the land was listed, exhibited it to 12 or more prospective purchasers, and finally sold it for $25 an acre to a Mr. Giffert, who paid plaintiff $3,000 on the purchase price. Mr. Tate, a member of the plaintiff firm, about two hours after the sale informed defendant of the fact. Defendant inquired how much the land had been sold for, and was told, "Just what you listed it for," and he replied, "I will not take that." Shortly thereafter Mr. Ehrhardt and the president of a local bank tendered defendant, for Mr. Giffert, $3,000 and offered to pay the remainder of the purchase price upon the execution of a deed, which offer was refused by defendant. It developed in the evidence that Mr. Giffert desired an abstract to exhibit the condition of defendant's title, but no demand was made on him therefor, nor does the proof demonstrate that he was requested or expected to pay for it. Defendant argues that he had the right to demand that all of the consideration in excess of $3,000 should be represented by promissory notes bearing 6 per cent. interest, and to fix the dates of their maturity within the limits of reason; that Giffert proposed to pay all of the consideration in cash, and hence a purchaser was not procured by plaintiff according to the terms of the contract. None of these objections

were urged prior to the institution of this suit. The purchaser was a man of wealth, and evidently desired the land. There is nothing in the record to show that Giffert would not have complied with these suggestions had they been made when defendant was informed that his. land had been sold, and the evidence excites a grave suspicion that no such thought existed in his mind at that time. The precise point has been decided by this court in *Powers v. Bohuslav*, 84 Neb. 179. We held therein, in conformity with the preceding decisions of this court, that if a broker secures a purchaser, able, ready and willing to buy the principal's land at the price fixed in the broker's contract therefor, and the landowner refuses to comply for the sole reason that he wants a greater price for his land, and does not object because the purchaser offers to pay the entire consideration in cash, the principal will be estopped in a suit brought by his broker for commission, to defend because the purchaser offered to pay cash, instead of part cash, and the remainder of the purchase price for the land in promissory notes.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.