EDWIN L. SERVEN, APPELLEE, V. METROPOLITAN LIFE INSURANCE COMPANY, APPELLANT.

272 N. W. 922

FILED APRIL 23, 1937. No. 29965.

*Beghtol, Foe & Rankin,* for appellant.

*Chambers & Holland* and *Bernard S. Gradwohl, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and BLACKLEDGE, District Judge.

DAY, J.

This is an action on two policies of insurance for a disability caused by an accident. The first cause of action is based on the disability provision of the life insurance policy and the second cause of action on the accident policy. The insurance company appeals from a judgment in favor of the insured.

The argument is directed to the judgment on the provisions of the accident policy. That policy provides for certain payments if the injury "shall, within two weeks from the date of the accident, continuously and wholly disable and prevent the insured from performing any and every kind of duty pertaining to the occupation in which he is engaged at the time of the accident."

It is asserted that an impartial analysis of the evidence reveals that for a period of ten months the insured performed a substantial portion of his occupational duties. He was injured as a result of an accident on the first day of April, 1932. He fractured the sixth dorsal vertebra. He has spent months in the hospital, and his condition is progressively worse. The defense is predicated upon the allegation that the insured returned to his place of business on October 1, 1932, and for a period of about ten months thereafter worked in his store.

It appears that Serven spent considerable time in his place of business. He felt an urgent necessity to try to look after the business, if possible, because it was not doing well in his absence. The testimony on the question of his ability to work during this period is in conflict.

There is evidence that during this time he was in constant pain and agony and was compelled to lie down a considerable portion of the time; that he was unable to perform any work; that on several occasions he fell to the floor; and that he finally collapsed completely and was taken to the Veterans Hospital, where he remained for 18 consecutive months. On the other hand, there is the testimony of various witnesses as to the time plaintiff spent at the store and the nature of the work he performed. An ex-

amination of the evidence reveals that it is sufficient to support a verdict based upon the continuous and total disability of the insured.

An unsuccessful attempt of an insured to return to his usual work, even though some of the duties are performed in agony and pain, does not conclusively negative a continuous total disability. *Rathbun v. Globe Indemnity Co.*, 107 Neb. 18, 184 N. W. 903; *Woods v. Central States Life Ins. Co., ante,* p. 261, 271 N. W. 850; *McCleneghan v. London Guarantee & Accident Co., ante,* p. 131, 271 N. W. 276. The last case cited is particularly applicable here. There the insured was injured in an accident. He made a valiant effort to continue his work but was finally compelled to submit to an operation to remove the disability. It was there held: "A literal interpretation of the term 'total disability,' in an accident insurance policy implying by its terms utter mental and physical helplessness as a condition of liability, will not be adopted, where it would result in an unreasonable and unjust forfeiture of the accident insurance."

There are other assignments argued before this court, but the appellant has by its action limited its defense to the policy to the extent of the disability. That issue has been properly submitted to the jury, and the verdict thereon is final.

On May 27, 1935, the defendant wrote to the plaintiff's attorney as follows:

"We seem to possess very opposite opinions as to the merits of Mr. Serven's claim. I have no doubt in the sincerity of your belief that he has been and will be disabled. On the other hand we are very sincere in our belief that he is not necessarily disabled, and that if he is disabled, it is not solely on account of his injury of 1932.

"*We fully recognize the existence of the policy contract,* and it is our desire to meet our obligation, whatever it may be, according to the terms of that contract. *We differ only as to the facts pertaining to the extent of injury and the extent of disability,* and if we can come to some agreement on

those points we would deem it a pleasure to make payment under the contract with any further amounts that might be found to be due." (Italics ours.)

It has long been the rule in this jurisdiction that a party who gives one reason for his conduct and decision as to a matter involved in controversy cannot after litigation has begun defend upon another and a different ground. This court approved this rule in a recent case. *McDowell v. Metropolitan Life Ins. Co.*, 129 Neb. 764, 263 N. W. 145. See, also, *Mitchell v. Brotherhood of Locomotive Firemen and Enginemen*, 103 Neb. 791, 174 N. W. 422; *Yates v. New England Mutual Life Ins. Co.*, 117 Neb. 265, 220 N. W. 285; *Powers v. Bohuslav*, 84 Neb. 179, 120 N. W. 942; *Pittenger. v. Salisbury & Almquist*, 125 Neb. 672, 251 N. W. 287; *Hamblin v. Equitable Life Assurance Society*, 124 Neb. 841, 248 N. W. 397.

While the defendant is not now to be permitted to interpose the defense of lack of notice under the contract, it has not lost a substantial defense. The insurance company had prompt and timely notice of the accident, the injury, and the disability of the insured. The insured was examined by physicians for the company at least six different times. The paragraph providing for monthly payments and examinations was optional with the insured. It was for him to elect to receive monthly payments and comply with conditions precedent to receiving them. A failure to elect to receive the payments monthly did not forfeit all his rights under the policy.

The case was tried on the theory that the notice was required and that the agent of the company would and did waive the notices. This was harmless error. The instructions submitted by the court to the jury on the authority were upon an issue not properly before the court, so that, even if they were erroneous, they were not prejudicial to any substantial right of the appellant. The record does not require a reversal.

AFFIRMED.