MRS. R. F. MOORE, APPELLEE, V. WASHINGTON NATIONAL INSURANCE COMPANY, APPELLANT.

280 N. W. 221

FILED JUNE 15, 1938. No. 30321.

*Waring & Waring,* for appellant.

*Charles E. Matson* and *Ginsburg & Ginsburg, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

DAY, J.

This is an action on a policy of accident insurance. The Washington National Insurance Company appeals from the judgment of the district court. The appellant contends that the policy was not in force at the time of the accidental injury and death of the insured, June 28, 1934, because of (1) nonpayment of premium, and (2) notice of cancelation posted May 25, 1934.

There is no question as to the fact that the policy was issued to the insured about November 30, 1933, and that the accident was covered by the policy. The policy is a very limited one, issued in connection with a subscription to the Omaha Bee-News. There is some dispute in the record, but it seems that the regular rate for the paper alone was 20 cents a week, and that with the insurance policy it was 25 cents a week. This was paid to the carrier until the time of the accidental death of the insured. The policy itself states: "This policy is issued in consideration of the premium of ten cents ($0.10) per month and of the subscription by the Insured for The Omaha Bee-News, for a period of thirty (30) days from date hereof, beginning and ending at twelve o'clock noon, Central Standard Time, of the day this policy is dated, and it may be renewed for such further periods of time as the Omaha Bee-News pays the premium therefor and the Insured shall continue as a regular subscriber (viz.: a home-delivery or mail-subscriber, paying regularly therefor and not being in arrears in such payments) to the Omaha Bee-News."

The insurance company and the Omaha Bee-News had an agreement that the latter would pay the former for the policies in force, and that credit would be extended for the monthly premiums, and that upon a set date cancelation would be offset against the charges for new business. The insurance company did not receive notice of cancelation of this policy until June 4, 1934. There is nothing to indicate when the policy terminated except the notice of cancelation which provided that the policy should be canceled five days after May 25, 1934. This notice of cancelation

was sent by the Omaha Bee-News, signed by the circulation manager as also the registrar of the insurance company. The policy is claimed to have been terminated by the notice of cancelation and the failure of the Omaha Bee-News to pay the premiums upon it. In entering into such an arranged method of doing business, the insurance company made the Omaha Bee-News its agent for issuing and canceling policies. The insured continued to pay his subscription price, as well as the extra rate for the insurance policy, to the Omaha Bee-News until his accidental death. The termination of the policy depends upon the validity of the attempted cancelation. The company urges this cancelation, and gave it as a reason for refusing payment of the claim in a letter from the Omaha Bee-News on July 2, 1934, to Mr. C. A. Moore, the father of the insured. An examination reveals that neither the insurance company nor the Omaha Bee-News gave the beneficiary or her agents any reason, other than cancelation, for declining to pay the claim until this action was commenced and an answer was filed. The Omaha Bee-News was the agent for the insurance company for the issuance of said policies. It collected in the instant case. The Bee-News signed the notice of cancelation and claimed to have sent it by regular mail to the insured at Fairmont. It was the only contract the insured had with the company. The record indicates that the Washington National Insurance Company and the Omaha Bee-News were one and the same as far as the insured was concerned, notwithstanding anything that may be written in the policy. An examination of the evidence does not reveal when the policy was lapsed for nonpayment of premiums and the agent continued to collect until the accidental death of the insured, so that the provision for termination of policy upon nonpayment of premiums by a third party may be invoked. *World Mutual Benefit Ass'n v. Worthing,* 59 Neb. 587, 81 N. W. 620. The insurance company in the case has failed to sustain the burden of proof. It has been established that the insured paid the premiums required for the policy to the Omaha Bee-News. This court has con-

sistently maintained the doctrine that an insurer denying liability for death benefits under an accident policy on the ground of cancelation cannot interpose the defense that the policy had terminated for nonpayment of premiums after the commencement of an action on the policy. *Serven v. Metropolitan Life Ins. Co.*, 132 Neb. 637, 272 N. W. 922. See the cases cited therein, and, also, *Ross v. First American Ins. Co.*, 125 Neb. 329, 250 N. W. 75. The reason given in the instant case for denying liability was the cancelation attempted May 25, 1934, and not the termination of the policy for nonpayment of premiums.

The statutes of Nebraska provide, as applicable to the policy in this action, that it may be canceled by giving the insured written notice of such cancelation, or mailing a registered letter with proper postage affixed thereto, addressed to the insured at his usual or last known post office address. Comp. St. 1929, sec. 44-604. The cancelation in this case was under provision 16 of the standard provisions of the policy. It states: "The company may cancel this policy at any time by written notice delivered to the Insured or mailed to his last address, as shown by the records of the Company, together with cash or the Company's check for the unearned portion of the premiums actually paid by the Insured, and such cancelation shall be without prejudice to any claim originating prior thereto." A letter in the record from the Omaha Bee-News, signed by John W. Kurtz, circulation manager, who also signed another letter as registrar of the Washington National Insurance Company, states the fact that the policy was canceled under provision 16 of the policy.

A policy of insurance can be canceled under the provisions of the statute, or according to the provisions of the policy. Recently this court said: " 'Where a valid contract of insurance has been effectuated, the company cannot cancel the policy without consent of insured, except where it may be permitted to do so by statute or by a reservation in the policy itself. Such a reservation is valid, but, under the general rule, it will be strictly construed against the com-

pany.' 32 C. J. 1245." *Petersen v. Ohio Casualty Ins. Co.*, 131 Neb. 128, 267 N. W. 393. At about the same time we said: "Except as a right of cancelation of an insurance policy is provided for by statute, or reserved in the contract, neither the insured nor the insurer can effect a cancelation without the consent of the other, * * * such cancelation can be effected only by a strict compliance with the terms and conditions provided therefor by the contract and by statute." *Sanks v. St. Paul Fire & Marine Ins. Co.*, 131 Neb. 266, 267 N. W. 454. In the previous case cited, *Petersen v. Ohio Casualty Ins. Co., supra*, it was stated: "The burden of establishing an effective cancelation before loss is on the insurer. Notice of cancelation must be in accord, and in substantial compliance, with the provisions of the policy relating thereto, and be peremptorily explicit and unconditional."

As applied to this case, the law of Nebraska is that this policy of insurance might be canceled by giving the insured written notice of cancelation or mailing a notice by registered letter to the insured at his usual or last known address. Comp. St. 1929, sec. 44-604. This provision as to cancelation was required to be in the policy. An insurance policy must be considered as containing the statutory requirements. *Kelly v. Prudential Ins. Co.*, 130 Neb. 873, 266 N. W. 757. There is no evidence that any registered letter was sent to his usual or last known address, notifying him of the cancelation of the policy. The company proceeded under section 16 of the policy and the Omaha Bee-News mailed, by ordinary post, the notice of cancelation. The question of the receipt of such a letter was a question of fact for the determination of the jury. Likewise the question of the sending of such a letter and all the circumstances were questions of fact for submission to the jury. It was so submitted to the jury, and the verdict was against the insurance company. It was necessary for the insurance company to show that it had given the insured written notice of cancelation as provided in the statutes and in the policy. This it failed to establish. The proof as to the send-

ing of the letter is subject to the objection that there is not testimony as to the particular notice. There is evidence that it was one of many it wrote on a given day, and that they were mailed. There is no positive proof that this was written and mailed except that it was one of many which should have been. There is no proof that the insured ever received the written notice. The verdict of the jury is sustained by the evidence. There is no reversible error in the record.

AFFIRMED.