ANDREW V. KUCERA ET AL., APPELLEES, V. AGNES KAVAN, APPELLANT.

84 N. W. 2d 207

Filed July 12, 1957.   No. 34106.

*William H. Roether* and *Edward Asche,* for appellant.

*L. F. Otradovsky* and *Lloyd L. Pospishil,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

In this action plaintiffs seek specific performance of a contract whereby defendant agreed to sell them an interest in land.   Issues were made and trial was had.

The court made a general finding for the plaintiffs and decreed specific performance. Defendant appeals.

We affirm the judgment of the trial court.

The cause is here for trial de novo. The evidence in many respects is in irreconcilable conflict. We weigh the evidence in the light of the equity rule that when the evidence on material questions of fact is in irreconcilable conflict this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying and must have accepted one version of the facts rather than the opposite. Rettinger v. Pierpont, 145 Neb. 161, 15 N. W. 2d 393.

Reference will be made later to improvements placed on the premises by plaintiffs. The evidence as to their value, extent, and permanency is likewise in conflict. In considering that evidence we also consider the fact that the trial court examined the premises. See Hehnke v. Starr, 158 Neb. 575, 64 N. W. 2d 68.

We do not set out all the conflicting evidence. Rather we here find the controlling facts as they appear from the record tested by the above rules.

The plaintiffs are husband and wife. The defendant is an unmarried lady.

The land involved is some 320 acres of farm and pasture land.

In 1947 defendant and a Mrs. Hoffman were joint owners of the land. The land was rented to a tenant. Mrs. Hoffman and the defendant did not find the operation of the farm by a tenant an entirely satisfactory arrangement.

Plaintiffs desired to purchase a farm. They discussed purchase with Mrs. Hoffman and she agreed to sell. They then discussed the matter with defendant and agreed upon a purchase price without difficulty. Defendant, however, wanted a place to invest her money and offered to loan it to plaintiffs with the land as security. Plaintiffs desired a loan from a corporation.

Defendant mentioned a desire to purchase other land which she could hold in sole ownership. Plaintiffs and defendant then decided that if plaintiffs purchased the interest of Mrs. Hoffman that plaintiffs and defendant would become "partners," with plaintiffs going into possession and paying rent to defendant as the then tenant was doing. Plaintiffs were to have the right to purchase at the agreed price whenever defendant could find a suitable farm in which to invest her money.

The then tenant was the owner of several improvements on the premises. Plaintiffs bought or otherwise secured the ownership of them. In the spring of 1949 plaintiffs entered into possession, farmed the land, and thereafter paid rent on the one-half interest to defendant.

In November 1948 defendant was in an automobile accident. Plaintiffs thought that they should have something more than the verbal agreement upon which to rely because of the uncertainty of defendant's life, and the improvements already made and those contemplated. Defendant was unable or unwilling to make or carry her share of the cost of needed improvements. The matter was again discussed with defendant and she readily agreed to a written agreement. The defendant lived at Linwood.

On October 10, 1949, plaintiffs went there and took the defendant to David City some 20 miles away to a lawyer of defendant's choice. There the parties entered into a written agreement entitled an option. The recited consideration was "$1.00 and other valuable consideration." Defendant granted to plaintiffs the exclusive right of purchase of the premises for a period of 5 years for the sum of $15,500. Defendant suggested the price without prior discussion at that time. It was the price agreed upon 2 years earlier when plaintiffs bought the interest of Mrs. Hoffman. The agreement called for notice of election to purchase to be given on or before October 10, 1954, and a down payment at that

time of $1,000. The balance of $14,500 was to be paid when the transaction was completed.

Plaintiff husband tendered the $1 to defendant and she refused it, saying that she would pay her transportation that way. Defendant also paid the lawyer for his services for the same reason.

Plaintiffs then began to make permanent improvements and betterments in the farm buildings, and modernized the house. They also built intrafarm roads, drains, and dams, and contoured plow land. These improvements were made in part by plaintiffs' labor and in part by hire. They involved the expenditure of several thousand dollars. Defendant visited the farm on several occasions and knew of these improvements. She made no objection for the reasons that she was selling to the plaintiffs and the improvements paid her no added income.

At various times, particularly in the summer of 1954, plaintiffs undertook to assist the defendant to find an acceptable farm which she could purchase. The written option made no such requirement of the plaintiffs. The effort failed in part because land value had increased.

Plaintiffs then made application for a farm loan to secure the funds to complete the purchase of the defendant's interest in the land.

On October 2, 1954, plaintiff husband went to defendant's home and tendered her a personal check for $1,000 as the down payment. Defendant refused the payment and demanded a larger total purchase price. Plaintiff husband left the check with her.

By letter dated October 5, 1954, and signed by plaintiff husband alone, the verbal notice of intention to exercise the option was confirmed, and defendant was notified that performance of the contract "according to its terms" would be expected. This tender was accompanied by a cashier's check on a bank at Schuyler, Nebraska, for $1,000 and a request for a return of the personal check.

By letter dated October 7, 1954, directed to both of the plaintiffs, the defendant, by her attorney, returned both checks to the plaintiffs and advised that the cashier's check was returned for the reason that "you have never had a valid, legal option to purchase" and that no right of election existed. Plaintiffs were further advised that if they wished to acquire defendant's land by purchase they would "have to do so by forgetting an invalid option."

An effort to purchase the land without litigation failed because of the increased price demanded. This litigation followed.

Defendant argues here the contention that there was not a valid contract because there was no consideration for either the oral or written agreement. The written option agreement was patently executed to evidence the prior parol undertanding under which plaintiffs had entered possession of the land and had made substantial improvements. It fixed the terms of the parol agreement and in addition a date of expiration of the option. All parties so understood it. The written instrument recited a "consideration of $1.00 and other valuable consideration." The persuasive evidence is that the $1 was unconditionally tendered. It was not rejected as a tender but defendant directed that it be applied to the payment of her transportation to David City. At the same time and for the same reason she agreed to pay her half of the attorney's fee and that of the plaintiffs. The attorney advised them that the tender was sufficient under the circumstances. No one questioned it until this controversy arose 5 years later. Plaintiffs in reliance on the agreement went ahead and made valuable permanent improvements. Defendant at that time knew of the plan for the improvements.

The rule is: "An option to purchase land given without consideration may be withdrawn at any time before acceptance, upon giving notice to the other party thereto, but an option founded upon a valuable consideration

cannot be withdrawn before the time specified therein has expired." Von Knuth v. Ryan, 107 Neb. 351, 186 N. W. 81.

The factual situation here is quite comparable to that in George v. Schuman, 202 Mich. 241, 168 N. W. 486. The court held: "That the agreed amount to be paid for an option contract for the purchase of land was tendered but not accepted does not make the contract gratuitous for want of consideration. * * * An unconditional tender of the specified amount for the purpose of avoiding loss of any rights or privileges is equivalent to payment as to all things incidental or consequential to the obligation to pay."

The consideration here is held to be sufficient. There is another rule that requires we reach that result: "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Restatement, Contracts, § 90, p. 110.

We have twice approved and followed the above rule. See, Leach v. Treber, 164 Neb. 419, 82 N. W. 2d 544; Fluckey v. Anderson, 132 Neb. 664, 273 N. W. 41.

Defendant next contends that the acceptance of the option was not in accord with the terms of the option agreement. This argument is based on the fact that the option agreement of October 10, 1949, was an agreement to convey to Andrew V. Kucera and Rose M. Kucera. It called for a notice of election to purchase to be given by them, their heirs, or assigns on or before October 10, 1954.

On October 5, 1954, written notice of election to purchase was given, expressed in the first person singular and signed only by Mr. Kucera. The contention is that the notice of election to purchase, not being signed by Mrs. Kucera, was insufficient.

It is manifest that the parties understood throughout

that Mr. Kucera was the spokesman for both himself and his wife in this matter. Defendant recognized that fact, for the letter rejecting the tender is directed to both Mr. and Mrs. Kucera.

Here, however, the questions of agency and acceptance by one party need not be determined. Defendant rejected the notice, not for the reason here urged, but rested her return of the down payment solely on the contention that the option was invalid. At that time plaintiffs yet had time to have made a joint notice and tender had the issue been raised.

The rule is: "A person who has given a reason for his conduct and decision concerning a matter involved in controversy cannot, after litigation has begun, change his position and place or explain his conduct upon a different consideration." Garbark v. Newman, 155 Neb. 188, 51 N. W. 2d 315.

Finally defendant contends that plaintiffs are not entitled to a decree of specific performance. This is based on the contention that the agreement does not contain the understanding of the parties, was the result of misapprehension, and to enforce it specifically would perpetrate an injustice. This seems to be a make weight argument. We find nothing tangible in this record upon which such a contention can be based.

It is manifest that the written agreement of October 10, 1949, largely carried out the oral understanding had theretofore. It fixed the terms and the duration of the option. Both parties understood what it did. The record does sustain a finding that toward the close of the 5-year period defendant found that she could not purchase acceptable land at a price she was willing to pay. The market price of land had increased. She wanted more money than the purchase price fixed in the option. She would have conveyed for a larger consideration. She had made a bargain that she thought was not advantageous when the time of performance came.

The established applicable rule is: "Specific perform-

ance should, in general, be granted, as a matter of course, of a written contract cognizable in equity, which has been made in good faith, whose terms are certain, whose provisions are fair, and which is capable of being enforced without hardship, where the ends of justice will be subserved thereby." Garsick v. Dehner, 145 Neb. 73, 15 N. W. 2d 235.

The judgment of the trial court is affirmed.

AFFIRMED.