DAVID BRESLOW, APPELLANT, v. CITY OF RALSTON, A MUNICIPAL CORPORATION ET AL., APPELLEES.

249 N. W. 2d 205

Filed January 12, 1977. No. 40618.

Rollin R. Bailey and A. Loy Todd, Jr., of Davis, Bailey, Polsky, Huff & Denney, for appellant.

Seb Caporale, and Steven J. Riekes of Beber, Richards, Riekes & Brown, for appellees.

Heard before WHITE, C. J., McCOWN, and CLINTON, JJ., and STUART and RIST, District Judges.

STUART, District Judge.

The plaintiff appeals from the sustaining of demurrers to his amended petition.

A synopsis of plaintiff's petition is as follows:

That defendant City of Ralston acquired the northwest quarter of the southeast quarter of Section 2, Township 14 North, Range 12, Douglas County, Nebraska, in 1937 and in 1965 this defendant deeded a tract of this land to plaintiff's predecessor in title, the deed containing a description by metes and bounds including the words, "* * * to the west line of 75th Street, thence north along the west line of 75th Street for 936 feet to the south line of 'L' Street or the point of beginning." At the time of this sale the City of Ralston furnished an abstract of title including a plat of the tract deeded and also showing the location of 75th Street, which plat was also filed of record in 1965 with the register of deed's office of Douglas County, Nebraska. When this tract of land was later deeded to plaintiff, the same description was used.

The actions of the City of Ralston constituted a dedication of 75th Street as a public street, and plaintiff

acquired his tract of land relying upon 75th Street being a public street furnishing a means of ingress and egress to his property.

The City of Ralston leased 75th Street to defendant Lakeview, Inc., in 1967 and that Lakeview, Inc., in turn entered into an agreement with defendant National Advertising Company, whereby National Advertising Company erected an advertising sign in said street, immediately west of and adjacent to the property owned by the plaintiff.

Plaintiff prayed that 75th Street be declared dedicated for public use, the defendants be required to remove said sign, and defendants be enjoined from using 75th Street for any purpose inconsistent with a public thoroughfare.

Attached to the petition was a copy of the plat which insofar as 75th Street showed:

---

____ 75th _____ CO. RD. 338 B _____ ST. ____
vacated

---

It should be particularly noted that the word "vacated" appeared upon the portion of the plat designated as 75th Street.

Plaintiff argues that there was a common law dedication through an estoppel in pais of the streets shown upon the plat, and in support thereof quotes Gregory v. City of Lincoln, 13 Neb. 352, 14 N. W. 423 (1882), as follows: "The act of filing the plat in connection with Lavender selling lots upon this street certainly was a dedication to the public of the street. No one but the owner of a fee can dedicate land to the use of the public; but where he has done an act with the intention of influencing the conduct of another as the filing of a plat of a street and selling lots fronting thereon, and such other person has thereby been induced to purchase such lots or some of them, the original owner will be estopped to deny the dedication."

A careful reading of this quotation of the law of es-

toppel shows that it requires reliance by the party claiming the estoppel. We have recently restated this rule in the case of Christian v. Geis, 193 Neb. 146, 225 N. W. 2d 868, as follows: "The doctrine of estoppel is based upon grounds of public policy and good faith and is interposed to prevent injustice and inequitable consequences. Koop v. City of Omaha, 173 Neb. 633, 114 N. W. 2d 380. Ordinarily, there must be a reliance in good faith upon statements or conduct of the party to be estopped and a change of position by the party claiming the estoppel to his injury, detriment, or prejudice. Tighe v. Security Nat. Life Ins. Co., 191 Neb. 271, 214 N. W. 2d 622."

In addition such reliance must be reasonably justified. "Only reasonably justified reliance will create an estoppel, * * *." 28 Am. Jur. 2d, Estoppel and Waiver, § 76, p. 712.

Clearly, the plaintiff could not have placed "A reliance in good faith" on there being a platted street when his so-called reliance was based upon a plat showing the street "vacated." In addition, the plaintiff alleged that there was an advertising sign erected on "75th Street" at the time he acquired his property. Certainly a reasonable person would have been put on notice when the plat of 75th Street recited that it was vacated, and when an inspection of the property would show the existence of the sign and the nonexistence of a street.

Since a reasonable interpretation of plaintiff's petition and the attachments thereto would positively negate the plaintiff's claimed reliance on the existence of "75th Street" as a public street, the District Court properly sustained the demurrers to plaintiff's petition, and its judgment is affirmed.

AFFIRMED.