JAMES T. LOVELL, APPELLEE, v. CITY OF KEARNEY, NEBRASKA, APPELLANT.

263 N. W. 2d 867

Filed March 29, 1978.   No. 41423.

Michael E. Kelley, for appellant.

Tye, Worlock, Tye, Jacobsen & Orr and Patrick J. Nelson, for appellee.

Heard before SPENCER, McCOWN, and BRODKEY, JJ., REAGAN, District Judge, and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is an appeal from the District Court for Buffalo County, Nebraska. James T. Lovell, the appellee, brought suit to recover wages claimed due from the City of Kearney, Nebraska, the appellant. The appellant assigns error against an adverse judgment. We affirm the judgment of the trial court.

The evidence and the record show that the appellee was an employee in the street department of the appellant. On June 13, 1975, he was operating a pick-up truck and, in the course of backing it up, an air compressor was damaged to the extent of $110. The evidence as to whether he was acting in accordance with or contrary to instructions of the foreman, his superior, was in dispute. Both the county court and the District Court found that he was acting in accordance with instructions from his superior and that the appellee was not negligent. The findings are supported by competent evidence.

The question whether appellee was entitled to procedural due process, in being granted notice of and a hearing upon the establishment of liability against him for damages caused by his negligence, is argued at length by both sides. Further consideration of this question, however, becomes unnecessary in view of the findings of the court upon the issue of negligence.

Appellant refers to the facts that it (1) issued its check to appellee for the amount of wages admitted

due to him, minus a deduction of $110 and (2) the appellee accepted and cashed said check. It argues that the acceptance of the check now raises an estoppel against the appellee to question the right of appellant to make the deduction. The record shows various notices from the appellant to its employees, including appellee, that damages resulting from the negligent operation of appellant's vehicles will be deducted from wages. The record fails to show any agreement by appellee consenting to such deduction nor does it show any condition attached to the tender of the check that it must be accepted in full satisfaction of all amounts due appellee. No statement or conduct of appellee is shown from which appellant would be justified in claiming that appellee intended to accept the check in full satisfaction. Obviously, the appellant made no change in its position in reliance upon statements or conduct by appellee; therefore, no estoppel exists. Breslow v. City of Ralston, 197 Neb. 346, 249 N. W. 2d 205; Chappelear v. Grange & Farmers Ins. Co. of Blair, 190 Neb. 589, 210 N. W. 2d 921.

Neither is there any basis for either a compromise and settlement or for an accord and satisfaction. The appellant acted unilaterally in making the deduction for damages. It is only when the parties mutually agree that some amount shall be paid and accepted in full satisfaction of a disputed liability, that there is compromise and settlement or accord and satisfaction. Farmland Service Coop. Inc. v. Jack, 196 Neb. 263, 242 N. W. 2d 624.

The trial court did not err in its findings or judgment and the judgment is affirmed.

AFFIRMED.