NEGUS-SWEENIE, INC., APPELLANT, V. BEAVER LAKE CORPORATION, INC.; DEVELOPMENT SERVICES, INC., A FOREIGN CORPORATION; AND THE UNITED STATES NATIONAL BANK OF OMAHA, A BANKING CORPORATION, APPELLEES.

276 N. W. 2d 668

Filed March 20, 1979. No. 41927.

Patrick L. Cooney and Eugene L. Hillman of McCormack, Cooney & Mooney, for appellant.

Joseph Polack and Robert Schwarzkopf of Morsman, Fike, Davis and Schumacher, P.C., for appellees.

Heard before KRIVOSHA, C. J., McCOWN, CLINTON, and WHITE, JJ., and J. KELLY, District Judge.

J. KELLY, District Judge.

The plaintiff-appellant brought suit against Beaver Lake Corporation, Inc.; Development Services, Inc.; and The United States National Bank of Omaha. This appeal relates only to the issue between the plaintiff, Negus-Sweenie, Inc., and the defendant, The United States National Bank of Omaha.

The plaintiff claims fraudulent misrepresentation by the defendant bank upon which the plaintiff relied to its damage. The defendant bank on April 5, 1972, wrote the following letter: "Mr. Don Hedrick; Hedrick, Cox and Associates; 6900 Granger Road; Cleveland, Ohio 44131; Dear Mr. Hedrick: You may advise your bidders that sufficient funds for the construction of the dam at Beaver Lake, in accordance with estimates furnished by the engineers in charge, are available at this bank.

"These funds may be used only in connection with the construction of said dam and will be disbursed to contractors and materialmen upon certification by the engineers that work has been completed and inspected and is in accordance with approved plans and specifications. Sincerely, INSTALLMENT LOAN DEPARTMENT, /s/ J. R. Burnham, Vice President."

The plaintiff, Negus-Sweenie, Inc., never inquired as to how much the estimate of the engineers in charge was or how much money was available at the bank.

The evidence discloses that the engineer's estimate was $910,000, which was later increased to $948,570. The plaintiff's original bid was $1,249,945. The defendant bank actually advanced to Beaver Lake Corporation, Inc., the sum of $1,000,000 and the plaintiff, Negus-Sweenie, Inc., admits it received the sum of $1,016,784.59.

The defendant bank did not make an untrue statement as to funds available, in fact made more funds available than the amount of the estimate of the engineers in charge.

When the bank issued the April 5, 1972, letter it made no untrue or misleading statements and stated: "* * * in accordance with estimates furnished by the engineers in charge * * *." If plaintiff, Negus-Sweenie, Inc., did in fact rely on said letter, they were obligated to find what the engineer's estimate was.

There is no genuine issue as to any material fact and the judgment of the District Court ordering that the motion for summary judgment be granted is correct and is affirmed.

AFFIRMED.