## LYDIA OKESON, APPELLEE, V.
## JACK DEMPSEY DRYWALL, INC.,
## A NEBRASKA CORPORATION, AND
## DONALD D. GRAHAM, APPELLANTS.

301 N.W.2d 356

Filed January 30, 1981. No. 43346.

James C. Cripe for appellants.

Ronald H. Stave and J. Michael Coffey of Sodoro, Johnson, Daly, Stave, Cavel & Coffey for appellee.

Heard before KRIVOSHA, C.J., McCOWN, BRODKEY, and HASTINGS, JJ., and HICKMAN, District Judge.

KRIVOSHA, C.J.

The appellants, Jack Dempsey Drywall, Inc., a Nebraska corporation, and its president, Donald D. Graham, appeal from an order of the District Court for Sarpy County, Nebraska, sustaining a motion for summary judgment filed by the appellee, Lydia Okeson. The order specifically granted to appellee judgment against appellants for the sum of $80,711.40, plus costs. We believe the trial court was correct in its determination and, therefore, affirm the order of the trial court sustaining appellee's motion for summary judgment.

Appellee alleged in her first cause of action that the appellant Jack Dempsey Drywall, Inc., had executed and delivered to appellee a promissory note in the principal sum of $112,000, which provided for an initial payment of $30,000 and the balance of $82,000 payable in installments as set forth in the note. The petition further alleged that $45,000 of the principal balance due and owing had been paid, but that the appellant Jack Dempsey Drywall, Inc., failed and refused to pay an installment of $15,000 due on or before October 1, 1978, as a result of which the appellee elected to declare the entire note due and owing pursuant to the terms of the note. The petition further alleged that appellee had notified appellants of her election to exercise her option to declare the entire balance due and owing, but that appellant Jack Dempsey Drywall, Inc., nevertheless, failed and refused to pay said amount due and owing.

In a second cause of action, appellee alleged that, as part of the consideration for the promissory note, the appellant Graham executed a guarantee of the note set out in appellee's first cause of action. Appellee then alleged that by reason of the default of appellant Jack Dempsey Drywall, Inc., there was due and owing from the guarantor the balance due and owing on the note.

By their amended answer, the appellants admitted all the allegations of appellee's petition, including the allegations that there was due and owing from the appellants, and each of them, the sum of $67,000 plus interest. The appellants, however, further alleged by way of answer as follows: "That the value of the underlying assets received by Jack Dempsey Drywall, Inc. in exchange for the promissory note was grossly inadequate and the representative value was not present; that the defendants received insufficient consideration for the said note and guarantee." By reason thereof, appellants prayed that the petition of the appellee be dismissed.

The appellee served interrogatories upon the appellants, which were answered by the appellants. One of the interrogatories requested the appellants to set forth the names, addresses, and places of employment of all witnesses the appellants intended to call at the time of the trial. The appellants answered that they intended to call Donald D. Graham, Marvin Chesley, and Jack Dempsey.

Appellee then took the depositions of Donald D. Graham and Marvin Chesley and offered them in evidence in support of her motion for summary judgment. The deposition of Jack Dempsey was not taken by either party, nor did the appellants file, by way of affidavit, any showing as to what Jack Dempsey would testify to that would support appellants' alleged defense of insufficient consideration.

At the hearing on the motion for summary judgment, after the appellee offered the depositions of Donald D. Graham and Marvin Chesley, together with all of her other evidence, and rested, the court asked counsel for appellants whether he had any evidence to offer. Defendants' counsel answered, "Defendant would not submit any evidence. However, I would like to be heard." The record discloses that the appellants offered no evidence that would establish the existence of any genuine issue of a material fact.

It should be kept in mind that appellants do not maintain a failure of consideration, but, rather, that the consideration was insufficient. An examination of the depositions offered in this matter would seem to indicate that appellants' claim of "insufficiency of consideration" is based upon their belief that the property purchased from the appellee was not worth as much as they believed it to be, and not as much as they, in fact, paid. No claim, however, is made that there was any fraud involved in the transaction. Quite to the contrary, the evidence discloses that, prior to the purchase of the business, both the appellant Donald Graham, as the president of Jack Dempsey Drywall,

Inc., and Marvin Chesley, a certified public accountant, examined the inventory and equipment of the business, and that Chesley was familiar with the books of the business in his capacity as a certified public accountant. The record further establishes that Graham graduated from Creighton University with a B.S.-B.A., majoring in accounting, and was also a certified public accountant. Both individuals were competent to make whatever determination as to the value they did make.

The fact that the appellants may have misjudged the value of the property they were purchasing does not constitute insufficient consideration, absent a showing of fraud. In *Peters v. Woodman Accident & Life Co.*, 170 Neb. 861, 870, 104 N.W.2d 490, 497 (1960), this court said: "'Value of property is always a matter of judgment, and a contract based upon inadequate consideration will not be set aside for that reason alone, unless, as the rule is generally stated, the inadequacy is so great as to furnish of itself convincing evidence of fraud.'" See, also, *West Gate Bank v. Eberhardt*, 202 Neb. 762, 277 N.W.2d 104 (1979).

Neither of the appellants claim, nor does it appear they could claim, that they were in some manner defrauded. Absent that evidence, the unsupported allegation that the appellants received inadequate consideration for the execution of their note and guarantee is insufficient to create a genuine issue of a material fact.

We have frequently held that: "'The primary purpose of the summary judgment statute is to pierce sham pleadings and to dispose of, without the necessity and expense and delay of trial, those cases where there is no genuine claim or defense.'" *French v. Cornwell*, 202 Neb. 569, 575, 276 N.W.2d 216, 220 (1979); *Pfeifer v. Pfeifer*, 195 Neb. 369, 238 N.W.2d 451 (1976). Further, in *Negus-Sweenie, Inc. v. Beaver Lake Corp.*, 202 Neb. 671, 276 N.W.2d 668 (1979), we said: "Summary judgment shall be rendered forthwith if the pleadings,

depositions, and admissions are on file, together with the affidavit, if any, showing that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." (Syllabus of the court.) And in *Columbus Bank & Trust Co. v. High Country Stable*, 202 Neb. 724, 277 N.W.2d 81 (1979), we said: "When signatures are admitted and the defendant has failed to plead a defense, no fact issue is presented." (Syllabus of the court.) A similar situation exists in the instant case. The signatures are admitted, as are all the allegations of the appellee's petition. Likewise, there is no showing of any valid defense pleaded. The trial court, therefore, was entirely correct in sustaining the motion for summary judgment filed by the appellee.

AFFIRMED.