WARREN C. SCHREMPP, APPELLEE, V.
J. WILLIAM GALLUP ET AL., APPELLANTS.

315 N.W.2d 248

Filed January 22, 1982. No. 43950.

Martin A. Cannon and Michael G. Goodman of Matthews & Cannon, P.C., for appellants.

Warren C. Schrempp, pro se.

Heard before KRIVOSHA, C.J., BRODKEY, WHITE, and HASTINGS, JJ., and WINDRUM, District Judge.

WINDRUM, District Judge.

Plaintiff commenced this action against the defendants upon a note in the amount of $4,500, executed by defendants on December 31, 1975, made payable to plaintiff and delivered to plaintiff. Defendants alleged there was no consideration for the note. A motion for summary judgment by plaintiff was sustained, and the matter was eventually appealed.

In 1960 Warren Schrempp, hereinafter referred to as plaintiff, owned a leasehold interest on the 11th floor of the Farm Credit Building in Omaha, Nebraska. The portion leased consisted mostly of a large, open space, not really suited for a law office in its then present state. Plaintiff made extensive improvements at his own expense. The improvements transformed the leased premises into a sumptuous law office.

At a later date plaintiff moved to another office building, but at the time retained the lease, as the rent was very modest and he desired to control who occupied the premises. Eventually, J. William Gallup, Walter J. Matejka, and Richard J. Bruckner, hereinafter referred to as defendants, subleased a portion of the premises, being the only portion of the building still leased by plaintiff. Between Christmas and New Year's of 1975, defendant Bruckner and plaintiff had discussions concerning the lease. Bruckner suggested that the three defendants would like to take over the space. Plaintiff wanted to retain the same, and gave as a reason that it had been his investment that made the space attractive considering the amount of rent involved. Bruckner suggested that defendants pay plaintiff around $4,500 if they could take over the lease.

On December 30, 1975, the defendants drew a contract which was accepted by plaintiff on December 31, 1975. Said contract mentions the improvements, the sale thereof, and the price of $4,500 to be paid by a note. Nowhere does the contract, which was in letter form, mention any forbearance to be exercised on the

part of plaintiff, insofar as renegotiating another lease is concerned.

The defendants drafted and signed a note, the form of which has no legal significance in this case, for $4,500 payable to plaintiff, due without interest on January 1, 1978. The note was dated December 31, 1975, and delivered to plaintiff with the letter proposal. Plaintiff made no effort to renew his lease. Defendants entered into a lease directly with the owner of the building.

On December 31, 1975, the lease was expiring. All of plaintiff's rights in any improvements expired with it. Defendants were unaware that December 31, 1975, was the last day. Defendants take the position they received no consideration for the note. Plaintiff, however, maintains that as a result of the transaction between the parties, he exercised a forbearance on his part to renew the lease, thus at least he, as promisee, suffered a disadvantage.

A party is entitled to summary judgment only when there exists no genuine issue as to any material fact and the undisputed facts call for a decision in his favor. No citations are required.

Defendants maintain there was no consideration for the note as the improvements made by plaintiff to the leasehold reverted to the landlord at the termination of the lease, and the lease terminated on the date of the note sued upon. Plaintiff counters that he could have negotiated a new lease, and because of the agreement, he did not.

Plaintiff asserts, as a proposition of law, that a promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise, citing *Leach v. Treber*, 164 Neb. 419, 82 N.W.2d 544 (1957); *May v. City of Kearney*, 145 Neb. 475, 17 N.W.2d 448 (1945); *Kucera v. Kavan*,

165 Neb. 131, 84 N.W.2d 207 (1957); and *Pike v. Triska*, 165 Neb. 104, 84 N.W.2d 311 (1957). Further, he states as a proposition of law that forbearance to act of a promisee of a promissory note is sufficient consideration to support the validity of the note, again citing, among others, *Leach v. Treber, supra.*

It was held in *Scottsbluff Nat. Bank v. Blue J Feeds, Inc.*, 156 Neb. 65, 54 N.W.2d 392 (1952): "In order for a detriment to the promisee to constitute a valid consideration for a note or contract, it must have been within the express or implied contemplation of the parties and known to and agreed to by them." (Syllabus of the court.) Said syllabus is quoted in *Leach v. Treber, supra,* and has never been cited thereafter. It is controlling herein.

The defendant Richard Bruckner seems to have been the primary negotiator between the plaintiff and defendants. His deposition was taken. He testified that defendant Matejka did not feel he owed anything on the note. Plaintiff then asked the following: "Q. Was it your feeling, Dick? A. Yes, it was, Warren, after we went down and looked at the leases it was. After we checked them out, because we felt that there wasn't — we didn't owe for the improvements, one, because at the time of the cancellation of the lease they would have gone back to the building; and again, I was in a unique position at the time, since I had the north offices and was dealing on those, but did get in as far as negotiation concerning the south offices, and did sign the note at the time, thinking that you had a right to extend the lease or had — in fact, I really didn't know when your lease ended at that time. We found that out — I am sure we didn't check it for two years after that until we went down and actually took a look at the Farm Credit Building to see that that lease had expired on December 31st of 1975."

In view of such a statement, there exists a substantial question of fact as to whether or not a forbearance on the part of plaintiff to negotiate a new lease was

within the express or implied contemplation of the parties and known to and agreed to by them.

Judgment for plaintiff is reversed and the case remanded for further action in accordance with this opinion.

REVERSED AND REMANDED.