MUTUAL BENEFIT LIFE INSURANCE COMPANY OF NEW JERSEY, APPELLANT, v. RICHARD CHISHOLM, APPELLEE.

329 N.W.2d 103

Filed January 14, 1983. No. 44521.

Raymond M. Crossman, Jr., of Crossman & Norris, for appellant.

Everett Inbody of Haessler, Sullivan & Inbody, and John Haessler, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

This is an action by plaintiff-appellant, Mutual Benefit Life Insurance Company of New Jersey (Mutual Benefit), for rescission of a group life insurance contract on the life of Freddie R. Long (insured) on the ground of fraudulent misrepresentation by the insured in his application for insurance. Defendant-appellee, Richard Chisholm (Chisholm), generally denied the allegations and cross-petitioned to recover the proceeds as beneficiary of the life insurance policy. Chisholm then filed a motion to strike portions of Mutual Benefit's petition and also filed a motion for summary judgment. The trial

court sustained both motions and entered judgment for the defendant on the cross-petition. This appeal followed, with Mutual Benefit making the following assignments of error: (1) The trial court erred in sustaining Chisholm's motion to strike paragraph 6 of Mutual Benefit's second amended petition; and (2) The trial court erred in entering a summary judgment dismissing Mutual Benefit's second amended petition and awarding Chisholm $102,000 plus interest and attorney fees. We affirm.

Chisholm is the beneficiary of a group life insurance policy issued on March 6, 1978, by Mutual Benefit on the life of Freddie R. Long. The insured was 27 years old at the time the policy was issued and was eligible for group coverage by virtue of his active status in the Nebraska National Guard.

In the application for group life insurance question 13 asked if the applicant "ever had heart trouble, chest pain, high blood pressure, cancer, diabetes, kidney trouble, stomach trouble, a nervous or mental disorder *or other chronic trouble?*" (Emphasis supplied.) The insured answered "No."

Question 15 asked if the applicant "in the past five years, had any surgery, treatment, observation or routine examination in doctor's office, hospital, clinic, or sanitarium?" The question further provided instructions which stated: "For routine physical examinations indicating *only* good health for you . . . state 'routine exams' beside your 'yes' answer." The applicant checked a box beside the word yes, and stated "Routine Exams."

The insured died in an automobile accident on July 30, 1978. The beneficiary, Chisholm, provided Mutual Benefit with proof of death on August 28, 1978. Mutual Benefit began an investigation and on November 10, 1978, denied Chisholm's claim and attempted to rescind its coverage under the policy. The sole reason advanced for Mutual Benefit's refusal to pay over the proceeds of the policy was the insured's answer to question 15 on the application.

The letter of declination set forth the following: "When Mr. Long signed his application 2/17/78, he indicated only routine exams. Information now on file indicates that Mr. Long received treatment at York General Hospital in November, 1976. Our Medical Underwriting Department advises had we known of this medical history at the time of application we would have not issued group term life coverage in his behalf."

On February 14, 1979, Mutual Benefit filed its original petition in an action to rescind the policy issued to Freddie R. Long on the ground of misrepresentation. The only allegation of misrepresentation contained in the petition was the failure of the insured to disclose the treatment he received at York General Hospital as stated in the declination letter. Mutual Benefit maintained this single theory of misrepresentation throughout discovery, as evidenced by its answers to interrogatories. After minor amendments were made to the petition by Mutual Benefit, Chisholm filed an answer and cross-petition, generally denying the allegations and, in addition, alleging that Mutual Benefit was estopped to raise any defense other than that set forth in its declination letter.

Mutual Benefit filed its second amended petition on September 8, 1980, which contained a new allegation of misrepresentation by the insured. The new paragraph 6 alleged that the insured had falsely answered question 13 because he did not disclose alcoholism "as evidenced by his convictions for 'driving while under the influence of alcohol' " and an "Order of Probation from the District Court of York County, Nebraska."

Chisholm moved to strike paragraph 6 on the grounds that Mutual Benefit was raising a new issue that it was estopped to raise and also that the allegations were based on convictions that would not be admissible in a nonrelated civil matter. The District Court granted the motion to strike. Mutual

Benefit chose not to replead and Chisholm answered and cross-petitioned to the second amended petition as stricken.

Chisholm then filed a motion for summary judgment. The record considered by the trial court consisted of Mutual Benefit's second amended petition as stricken, appellee's answer and cross-petition, certain answers to interrogatories, and portions of depositions. The court found that, based upon the pleadings and evidence submitted on the motion, there was no genuine issue as to any material fact and Chisholm was entitled to judgment as a matter of law. It is from these rulings by the trial court that Mutual Benefit appeals.

Mutual Benefit argues that although it may have changed its allegations of misrepresentation, it has not taken a position contradictory or inconsistent with its original position and, therefore, should not have been estopped from raising the issue of the insured's alleged alcoholism in its second amended petition. Mutual Benefit maintains that its investigation indicated that alcohol may have been a causative factor in the insured's November 1976 accident and also in the July 1978 accident which claimed his life. Therefore, its added allegation concerning the misrepresentation of alcoholism on question 13 of the application constituted the same material misrepresentation as the insured's failing to report the automobile accident on question 15 of the application in which alcohol may have been involved.

We believe that Mutual Benefit is estopped from mending its hold by the raising of any defense other than that upon which it rejected Chisholm's claim in its declination letter of November 10, 1978. Our reason for so holding is that on no occasion prior to the second amended petition did Mutual Benefit ever state that the insured's misrepresentation of alcoholism was a basis for its denial of the claim. Rather, what appears from the record is that Mutual Benefit was relying solely on the failure of the insured to re-

port the treatment he received at York General Hospital as a result of the November 1976 automobile accident. Mutual Benefit stated in its declination letter that had its medical underwriting department "known of this medical history at the time of application we would have not issued group term life coverage in his behalf." It is obvious that Mutual Benefit stood on this theory for denial of the claim until the following testimony of James B. McKelvey, supervisor of Mutual Benefit's medical underwriting department, was obtained in deposition. "Q [by Mr. Crossman] If he had told you, as reflected on Exhibit 7, [the York General Hospital report] that he had had an automobile accident which had caused his hospitalization, what would you have done? . . . Q (By Mr. Crossman) Go ahead and answer. A If he had just indicated 'automobile accident,' we would have probably issued the coverage. Q Would you have asked for the hospital records that were involved in the automobile accident? A It depends, really, how recent it was at the time of the application. Q Well, suppose he had said that, 'On November 23, 1976, I had an automobile accident and I was hospitalized,' and his application was on February 17, 1978. . . . A No, I wouldn't have. Q (By Mr. Crossman) You would not have asked for the hospital record? A No."

It was not until after Mr. McKelvey's deposition was taken that Mutual Benefit proffered the new and different allegation of the insured's misrepresentation of his alleged alcoholism.

Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground and put his conduct upon another and a different consideration. *O'Neil v. Union Nat. Life Ins. Co.,* 162 Neb. 284, 75 N.W.2d 739 (1956); *Hamblin v. Equitable Life Assurance Society,* 124 Neb. 841, 248 N.W. 397 (1933).

An insurer that gives one reason for its conduct

and decision as to a matter involved in controversy cannot, after litigation has begun, defend upon another and different ground. *Serven v. Metropolitan Life Ins. Co.,* 132 Neb. 637, 272 N.W. 922 (1937); *Moore v. Washington National Ins. Co.,* 135 Neb. 29, 280 N.W. 221 (1938).

In the instant case, whether or not Mutual Benefit subjectively intended to rely on the alleged alcoholism of the insured as a defense from the outset of this litigation is irrelevant. There is nothing before this court involving this second allegation of misrepresentation until the second amended petition of Mutual Benefit. Chisholm was not made expressly aware of this second defense in the letter of declination, nor was it even remotely implied as contended by Mutual Benefit. We therefore conclude that the only defense available to Mutual Benefit in this action is that raised in the letter previously referred to.

Mutual Benefit's second assignment of error is that the trial court should not have granted summary judgment and dismissed its action against Chisholm.

Under Nebraska law the primary purpose of the summary judgment statute, Neb. Rev. Stat. § 25-1332 (Reissue 1979), is to pierce sham pleadings and to dispose of, without the necessity and expense and delay of trial, those cases where there is no genuine claim or defense. *Okeson v. Jack Dempsey Drywall, Inc.,* 207 Neb. 847, 301 N.W.2d 356 (1981); *French v. Cornwell,* 202 Neb. 569, 276 N.W.2d 216 (1979).

Summary judgment should be rendered forthwith if the pleadings, depositions, and admissions are on file, together with the affidavit, if any, showing that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Okeson, supra; Negus-Sweenie, Inc. v. Beaver Lake Corp.,* 202 Neb. 671, 276 N.W.2d 668 (1979).

The issuance of policies is dependent upon the health of the applicant, and a willful and intentional failure of an application to disclose, in response to direct and clear inquiry, that which the company had the right to know for the purpose of determining the true state of health of the applicant, and whether or not it would accept the risk, cannot be considered other than fraudulent. *Gillan v. Equitable Life Assurance Society,* 143 Neb. 647, 10 N.W.2d 693 (1943).

All Mutual Benefit requested in question 15 was whether there had been any treatment of the insured by a doctor in the past 5 years and whether the examination was routine. The evidence showed that while there had been an automobile accident, the insured's hospitalization at York General Hospital on November 23, 1976, was for minor injuries for which the prognosis was good. Mutual Benefit's own underwriting department stated that the injuries were of no underwriting concern. We therefore agree with the finding of the trial court that the insured had a routine examination as reflected in his answer to question 15 of the application and that no misrepresentation occurred.

Mutual Benefit has failed to plead and prove the requisite elements of misrepresentation as set forth by this court in *Carpenter v. Sun Indemnity Co.,* 138 Neb. 552, 293 N.W. 400 (1940). If Mutual Benefit wanted additional underwriting information as to the insured's driving record and use of alcohol, it should have asked the pertinent questions.

The decision of the District Court in granting summary judgment was correct and is hereby affirmed. The appellee is entitled to an award of attorney fees in this court under Neb. Rev. Stat. § 44-359 (Reissue 1978). The fee is fixed at $1,500.

AFFIRMED.

WHITE, J., participating on briefs.

CAPORALE, J., concurring.

I agree that Mutual Benefit did not ask the proper questions to elicit information concerning Mr.

Long's drinking habits. That circumstance, together with Mutual Benefit's own testimony that the injuries sustained in the automobile accident were not of underwriting concern, leads me to concur in the result reached in this case.

My misgiving arises from the confusion which appears to surround the restated rule that once an insurer gives a reason for its conduct and decision, it cannot, after litigation has begun, change its ground and put its conduct upon another and different consideration. The cases cited by the majority certainly establish that the rule exists and has been applied in insurance cases. Indeed, the rule has been applied in certain noninsurance cases as, for example, situations in which no objective evidence of some later asserted reason existed. See, *Kucera v. Kavan,* 165 Neb. 131, 84 N.W.2d 207 (1957); *Powers v. Bohuslav,* 84 Neb. 179, 120 N.W. 942 (1909); *Frenzer v. Dufrene,* 58 Neb. 432, 78 N.W. 719 (1899). See, also, *Tate & Ehrhardt v. Loney,* 85 Neb. 559, 123 N.W. 1050 (1909).

I respectfully suggest, however, that such a rule makes no sense in the absence of showing detrimental reliance upon the prior statements or conduct. The rule, after all, is one of estoppel. Estoppel ordinarily requires as one of its elements proof that the party asserting the doctrine has been prejudiced by good faith reliance upon the statements or conduct of the other party. *Lovell v. City of Kearney,* 200 Neb. 478, 263 N.W.2d 867 (1978); *Christian v. Geis,* 193 Neb. 146, 225 N.W.2d 868 (1975); *Willan v. Farrar,* 176 Neb. 1, 124 N.W.2d 699 (1963). I would make clear that, as an element of the rule, good faith detrimental reliance upon an insurer's prior statements or conduct must be shown.

BOSLAUGH and McCOWN, JJ., join in this concurrence.