BITUMINOUS CASUALTY CORPORATION, A CORPORATION, APPELLEE, V. DARLENE L. ANDERSEN ET AL., APPELLEES, IMPLEADED WITH FIREMAN'S FUND INSURANCE COMPANY, A CORPORATION, APPELLANT.

171 N. W. 2d 175

Filed October 10, 1969. No. 37249.

Gaines, Spittler, Neeley, Otis & Moore, for appellant.

Kennedy, Holland, DeLacy & Svoboda, Joseph P. Cashen, and Lyman L. Larsen, for appellee Bituminous Cas. Corp.

Abrahams, Kaslow & Cassman, for appellees Andersen et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Rosen-Novak Auto Co. furnished Isidoro Bortolotti its Cadillac sedan for use while it repaired his automobile. With Bortolotti at the wheel the Cadillac struck Darlene L. Andersen, who lodged a damage claim against him. Bortolotti was an insured nonowner under a policy with bodily injury liability coverage and an excess insurance clause issued by plaintiff in this declaratory judgment action. Rosen-Novak held a policy issued by Fireman's Fund Insurance Company with bodily injury liability coverage and a no-liability clause. The district court adjudged that Bortolotti had been an insured under the owner's policy and that insurance afforded by plaintiff was excess. Fireman's Fund has appealed.

The excess clause in the policy issued by plaintiff reads: ". . . the insurance under this policy with respect to loss arising out of . . . the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance."

The no-liability clause annexed to the owner's policy stated a consideration of a reduced rate of premium. Part of the definition of an insured class is more fully set out in Federal Insurance Co. v. Prestemon, 278 Minn. 218, 153 N. W. 2d 429 (1967), where the clause limits

the class to: " '(b) any other person, but only if no other valid and collectible automobile liability insurance, either primary or excess, with limits of liability at least equal to the minimum limits specified by the financial responsibility law of the state in which the automobile is principally garaged, is available to such person; . . . .' "

Judicial treatment of excess clause vis-a-vis no-liability clause has not been uniform. In many cases the phrase "either primary or excess" was not present in the no-liability clause. Most courts read the text to enforce excess clauses but not such no-liability clauses. Presence of the phrase "either primary or excess" at times has been important in enforcement of no-liability clauses. Indiana Lumbermens Mutual Ins. Co. v. Mitchell, 409 F. 2d 392 (7th Cir., 1969); Continental Cas. Co. v. Weekes, 74 So. 2d 367, 46 A. L. R. 2d 1159 (Fla., 1954); New Amsterdam Cas. Co. v. Certain Underwriters, 34 Ill. 2d 424, 216 N. E. 2d 665 (1966); Government Employees Ins. Co. v. Globe Indemnity Co., 415 S. W. 2d 581 (Ky. App., 1967); Allstate Insurance Co. v. Shelby Mutual Ins. Co., 269 N. C. 341, 152 S. E. 2d 436 (1967); Faltersack v. Vanden Boogaard, 39 Wis. 2d 64, 158 N. W. 2d 322 (1968); 8 Appleman, Insurance Law and Practice, § 4914, p. 400 (1962); 16 Couch on Insurance 2d, §§ 62.75 and 62.76, p. 521 (1966).

Some opinions have approved judicial estimates of risks, policy functions, and premium bases, pointing out that an excess clause in the driver's policy ordinarily should prevail over a no-liability clause in the owner's policy. See, State Farm Mutual Auto Ins. Co. v. Travelers Ins. Co., 184 So. 2d 750 (La. App., 1966) (concurring opinion of Tate, J.); Federal Insurance Co. v. Prestemon, 278 Minn. 218, 153 N. W. 2d 429 (1967).

There is apparent conflict in excess clause vis-a-vis no-liability clause without the phrase "either primary or excess." Addition of the phrase does not logically resolve the conflict.

Need exists for certainty, simplicity, and inexpensive administration in connection with these business relations among insurers. See Russ "The Double Insurance Problem—A Proposal," 13 Hastings L.J. 183 (1961). We hesitatingly reject proration in favor of this rule: Where an excess insurance clause in a driver's automobile liability policy and a no-liability clause in the automobile owner's liability policy apparently conflict, the no-liability clause is ineffective and the driver's insurance excess.

AFFIRMED.