CINDY HULL, BY AND THROUGH DAVID HULL, HER NEXT FRIEND, ET AL., APPELLEES, V. ALLSTATE INSURANCE COMPANY, A CORPORATION, APPELLEE, IMPLEADED WITH FARMERS ELEVATOR MUTUAL INSURANCE COMPANY, A CORPORATION, APPELLANT.

187 N. W. 2d 650

Filed June 11, 1971. No. 37822.

William B. Craig, for appellant.

Sidner, Svoboda & Schilke, for appellee Hull.

Frederick B. Allan, Jr., and D. Nick Caporale of Schmid, Ford, Snow & Mooney, for appellee Allstate Ins. Co.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is a declaratory judgment action against two insurance companies to determine which one is liable to an individual who holds a judgment for injuries received in an automobile accident. The sole issue is whether or not there is liability under the omnibus clause of a standard automobile liability insurance policy, when initial permission to use the vehicle was given, but restricted as to use, and the restrictions were violated. The district court determined that there was coverage under the omnibus clause and entered judgment accordingly.

On April 14, 1968, Maynard Mulvey was an em-

ployee of Farmers Union Cooperative Oil Association working out of its fertilizer and bulk plant at Cedar Bluffs, Nebraska. There was a heavy rain that afternoon and work was stopped between 5 and 6 p.m. The manager of the co-op gave Mulvey permission to use the pickup truck to go home and to come back to work in the morning. The manager testified that he had allowed other employees to take vehicles home at night when the weather was bad, but that he had not allowed them to use the vehicles for personal use, and that had been explained to Mulvey. The manager testified that the permission was limited to driving the vehicle to Mulvey's home and returning from home the next morning. Mulvey lived two and a half blocks from the plant. Sometime between 9 p.m. and midnight, Mulvey was involved in the accident out of which the claim and judgment arose. It was stipulated that Mulvey was not within the scope of his employment at the time of the accident.

Farmers Elevator Mutual Insurance Company carried standard automobile liability coverage on the pickup truck owned by the co-op and driven by Mulvey. Allstate Insurance Company insured the other vehicle involved in the accident, and uninsured motorist coverage was included. The plaintiff recovered judgment against Maynard Mulvey for $2,348. The district court found that Maynard Mulvey was an additional insured under the omnibus clause in the standard policy of the Farmers Elevator Mutual Insurance Company; granted judgment against that defendant; and dismissed the action against Allstate Insurance Company.

The appellant tacitly concedes that this court has adopted the initial permission doctrine in Arndt v. Davis, 183 Neb. 726, 163 N. W. 2d 886. The appellant contends, however, that there is some language in that opinion which might indicate that a violation of express instructions, or a violation of specific orders, makes the use of

the vehicle unauthorized and terminates the permission. We cannot agree.

The holding in the Arndt case was foreshadowed by Protective Fire & Cas. Co. v. Cornelius, 176 Neb. 75, 125 N. W. 2d 179. That case recognized the fact that the protection of the public is also involved in automobile liability insurance cases. In view of statutory omnibus clause language, we there held that where initial permission had been given, a later use which deviated from the permitted use was immaterial and the only essential was that permission be given for use in the first instance. See, also, Farm Bureau Ins. Co. v. Allied Mut. Ins. Co., 180 Neb. 555, 143 N. W. 2d 923.

The position of this court on the initial permission doctrine reflects the view that automobile liability insurance is for the benefit of the public as well as insureds. Litigation as to the scope of the permission, the purpose, time, or place of use, and similar issues should not be permitted or encouraged. Of the various doctrines dealing with the issues of permission, this court's interpretation has probably been closest to the "hell or high water" rule. That rule has been stated to be "that if the vehicle was originally entrusted by the named insured, or one having proper authority to give permission, to the person operating it at the time of the accident, then despite hell or high water, such operation is considered to be within the scope of the permission granted, regardless of how grossly the terms of the original bailment may have been violated." 7 Appleman, Insurance Law and Practice, § 4366, p. 308.

In the case before us, there is no dispute that Mulvey had initial permission to use the vehicle. The only dispute is whether that permission should be strictly limited to the exact scope of the use expressly authorized. We find no compelling reasons to constrict our interpretation so rigidly. Where initial permission to use an insured vehicle has been given by one having proper authority to give permission, to the person operating it at

the time of an accident, for purposes of liability coverage, such operation is with the express or implied permission of the named insured, even though specific or express terms of the permission given were violated. Where a named insured has given permission to another to operate an insured vehicle, liability insurance coverage ought not to depend on whether the operator is complying with or violating the conditions or terms placed upon his operation and use of the vehicle by the insured.

The judgment is affirmed.

AFFIRMED.