STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
APPELLEE, V. CHEEPER'S RENT-A-CAR, INC., A NEBRASKA
CORPORATION, APPELLANT, AND HEATHER BILLINGS
AND NAOMI YOUNG, APPELLEES.

614 N.W. 2d 302

Filed July 14, 2000.   No. S-99-383.

John T. Rogers and M. Scott Vander Schaaf for appellant.

Rex A. Rezac and Tracy J. Edgerton, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee State Farm Mutual Automobile Insurance Company.

William M. Lamson, Frank J. Barrett, and Robert A. Mooney, of Lamson, Dugan & Murray for amicus curiae Car and Truck Rental and Leasing Association of Nebraska.

Roger R. Holthaus for appellee Heather Billings.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

In this declaratory judgment action, Cheeper's Rent-A-Car, Inc. (Cheeper's), appeals the order of the district court for Douglas County denying its motion for summary judgment and granting the cross-motions for summary judgment of State Farm Mutual Automobile Insurance Company (State Farm) and Heather Billings. For the reasons set forth below, which differ from the rationale of the district court, we affirm.

## STATEMENT OF FACTS

In their briefs, the parties have set forth the relevant facts, and there are no material facts in dispute in this case. The facts may be summarized as follows: Cheeper's is a corporation, doing business as a rental car company in Nebraska. On January 15, 1998, Billings rented an automobile from Cheeper's and executed a Cheeper's rental agreement as part of the rental process. Paragraph 5 of the January 15 rental agreement, which Billings signed, provides, inter alia, as follows:

INSURANCE: Vehicle is covered by an automobile liability insurance policy, a copy of which is available for inspection at the main offices of CHEEPER'S RENT A CAR, INC. Said policy provides coverage and limits of liability at least equal to the liability coverage and limits of liability required of the operator to satisfy this State's financial responsibility motor vehicle laws. In all cases, CHEEPER'S automobile liability insurance is secondary to the Renter's liability insurance.

At the time Billings rented the car, she declined to purchase Cheeper's optional damage waiver, which consisted of collision and physical damage coverage.

The rental agreement which Billings executed on January 15, 1998, indicates that "State Farm Insurance Co.," policy No. 273961405, covered Billings' rental costs to the following extent: "Rental authorized thru 01/21/98 $16.00 RENTER responsible for: . . . Drop and pickup fees." The State Farm tele-

phone number provided was 597-5500. Thus, at the time she rented the automobile, Cheeper's was aware of the fact that Billings was an insured on a State Farm automobile insurance policy, which policy, according to the evidence, provided, inter alia, that when Billings rented a vehicle, such liability coverage was excess to the rental company's "insurance or self-insurance."

On January 23, 1998, Billings was involved in an automobile accident at the intersection of 114th and Dodge Streets in Omaha. Billings was driving the Cheeper's rental car when she struck an automobile driven by Naomi Young. Under "Section I — Liability — Coverage A" of the State Farm policy covering Billings, Billings had liability coverage for damages resulting from Billings' use of a *temporary substitute car* or a *non-owned car*," as those terms were used under the policy. None of the parties to the instant litigation has disputed that Billings' use of the Cheeper's rental car meets the State Farm insurance policy's definitions of either a temporary substitute car or a nonowned car. The State Farm policy further provided in an amendment to the liability coverage:

> If a *temporary substitute car*, a *non-owned car* or a trailer designed for use with a *private passenger car* or *utility vehicle*:
>
> a. has other vehicle liability coverage on it; or
>
> b. is self-insured under any motor vehicle financial responsibility law . . .
>
> then this coverage is excess over such insurance or self-insurance.

(Emphasis in original.)

Billings returned the rental car to Cheeper's on January 26, 1998. During the period of time when Billings had possession of the rental car, Cheeper's began using a different rental agreement form, and a copy of the new rental form, dated January 26, 1998, was given to Billings when she returned the rental car. Billings did not sign the new rental form. It is the new rental agreement form, dated January 26, 1998, upon which the district court based its ruling.

Paragraph 5 of the January 26, 1998, rental agreement form, which Billings did not sign, provides, inter alia, as follows:

RENTER IS HEREBY NOTIFIED THAT CHEEPER'S RENT-A-CAR, INC. IS CERTIFIED AS A SELF INSURED COMPANY under the laws of the State of Nebraska to fulfill its liability insurance obligations under the applicable financial responsibility motor vehicle laws. Renter agrees that Cheeper's self insurance and any other insurance owed by Cheeper's shall be secondary to Renter's liability insurance.

Young has claimed that the January 23, 1998, automobile accident resulted from the negligence of Billings in the operation of the motor vehicle Billings was driving. On June 22, State Farm filed a declaratory judgment action against Cheeper's and Billings. In its petition, State Farm alleged that the terms of its insurance policy with Billings and the terms of Cheeper's rental agreement with Billings conflict as to which entity has the primary obligation to defend and indemnify Billings. For relief, State Farm asked the district court to "enter a declaratory judgment determining the rights and obligations of the parties with regard to the transactions and occurrences hereinbefore described."

On July 24, 1998, Cheeper's answered State Farm's petition and by way of a counterclaim, also sought a declaratory judgment from the court determining the parties' rights and responsibilities. On November 18, 1998, Cheeper's filed a cross-claim against Billings, seeking a declaratory judgment with regard to the parties' rights and responsibilities and further seeking a declaratory judgment that Billings was liable to Cheeper's for any amounts determined to be owed from Cheeper's as a result of Billings' accident with Young.

On December 2, 1998, Billings answered and filed her own counterclaim to Cheeper's cross-claim. Billings requested declaratory relief with regard to the parties' rights and obligations and denied personal liability to Cheeper's, claiming that she was insured under her State Farm policy as well as under Cheeper's rental agreement.

On December 10, 1998, State Farm moved for summary judgment against Cheeper's, alleging in its motion that Cheeper's had the primary obligation to defend and indemnify Billings with respect to any claim brought by Young. On January 15,

1999, Cheeper's filed separate motions for summary judgment against State Farm and Billings. In its motion against State Farm, Cheeper's sought a summary declaratory judgment that State Farm had the primary obligation to defend and indemnify Billings with respect to any claims brought by Young. In its motion against Billings, Cheeper's sought a summary declaratory judgment that Billings was responsible to Cheeper's for any amounts declared or adjudged to be owing from Cheeper's to Young arising out of any claim Young might bring as a result of the January 23, 1998, auto accident. On January 19, 1999, Billings filed motions for summary judgment against both State Farm and Cheeper's, seeking, inter alia, a summary declaratory judgment that either State Farm or Cheeper's had the duty and primary obligation to defend and indemnify her with respect to the claim of Young.

The parties' motions for summary judgment came on for hearing before the district court on January 28, 1999. The district court received evidence, including a stipulation of facts signed by State Farm and Cheeper's, to which were attached copies of Billings' automobile insurance policy with State Farm, the January 15, 1998, rental agreement, and the January 26 rental agreement form. State Farm and Cheeper's stipulated that Cheeper's has been self-insured since 1995 in accordance with Neb. Rev. Stat. § 60-562 (Reissue 1998). Also received in evidence was the affidavit of Richard R. Otten, president of Cheeper's, in which he testifies that "[o]n or about January 15, 1998, Cheeper's executed a written rental agreement with Defendant HEATHER BILLINGS ("Billings") for the rental of one Red 1994 Geo Prizm automobile." In addition to the evidence, the parties submitted written arguments.

On March 10, 1999, the district court granted State Farm's and Billings' motions for summary judgment against Cheeper's and entered judgment in favor of State Farm and Billings, determining that as between the State Farm insurance policy and the January 26, 1998, "rental agreement," Cheeper's had the primary responsibility of defending and indemnifying Billings from any claims filed by Young as a result of the January 23 accident. The district court denied all other summary judgment motions.

Cheeper's has appealed the district court's granting of State Farm's and Billings' motions for summary judgment and the denial of its motion for summary judgment. The Car and Truck Rental and Leasing Association of Nebraska joins in Cheeper's arguments on appeal as amicus curiae.

## ASSIGNMENTS OF ERROR

On appeal, Cheeper's has assigned 10 errors which combine to form 2. Cheeper's claims the district court erred (1) in granting State Farm's and Billings' motions for summary judgment against Cheeper's and denying Cheeper's motions for summary judgment against State Farm and Billings and (2) in failing to find Billings is responsible for indemnifying Cheeper's for any liability damages Cheeper's may have to pay to Young as a result of Billings' negligence.

## STANDARDS OF REVIEW

██ Although the denial of a motion for summary judgment, standing alone, is not a final, appealable order, when adverse parties have each moved for summary judgment and the trial court has sustained one of the motions, the reviewing court obtains jurisdiction over both motions and may determine the controversy which is the subject of those motions or make an order specifying the facts which appear without substantial controversy and direct such further proceedings as it deems just. *American Family Ins. Group v. Hemenway*, 254 Neb. 134, 575 N.W.2d 143 (1998).

██ Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Huff v. Swartz*, 258 Neb. 820, 606 N.W.2d 461 (2000).

██ The interpretation and construction of a contract, including an insurance contract or policy, involve questions of law, in connection with which an appellate court has an obligation to reach its conclusions independent of the determinations made by the court below. *Spulak v. Tower Ins. Co.*, 257 Neb. 928, 601 N.W.2d 720 (1999); *Stephens v. Radium Petroleum Co.*, 250 Neb. 560, 550 N.W.2d 39 (1996).

## ANALYSIS

*Primary Liability.*

On appeal, Cheeper's claims that the district court erred in concluding that Cheeper's January 26, 1998, rental agreement form providing for self-insurance was primary and in granting State Farm's and Billings' motions for summary judgment and denying Cheeper's motions for summary judgment. Relying on the language in its January 26 rental agreement form, Cheeper's argues on appeal that it is only "*secondarily* liable" for liability arising from Billings' automobile accident and that State Farm, as Billings' personal automobile insurer, is primarily liable. Reply brief for appellant at 10. State Farm responds that under the language in its policy with Billings, its insurance is excess to the rental car company's insurance or self-insurance and that Cheeper's, as the owner of the car which Billings was driving at the time of the accident, is primarily liable.

Before the district court on summary judgment and before this court on appeal, both State Farm and Cheeper's have litigated this case as if the operable Cheeper's contract was the January 26, 1998, rental agreement form containing the provisions regarding Cheeper's self-insured automobile liability status, rather than the January 15 rental agreement contract referencing Cheeper's "automobile liability insurance." Contrary to the assertions of the parties, we conclude that the controlling contract is the executed rental agreement of January 15 which indicates that the vehicle "is covered by an automobile insurance policy" and that "CHEEPER'S automobile liability insurance is secondary to the Renter's liability insurance."

In the stipulation of facts submitted in connection with the motions for summary judgment, State Farm and Cheeper's stipulated:

> At the time that Billings agreed to rent the vehicle, she executed a rental agreement. A true and correct copy of the rental agreement executed by Billings on January 15, 1998 is attached hereto as Exhibit "A" and hereby incorporated by this reference.
>
> . . . During the period of time [in] which Billings had possession of the vehicle, Cheeper's began using a differ-

ent rental agreement form which superseded the form signed by Billings on January 15, 1998.

Similarly, the Otten affidavit indicates that Cheeper's and Billings executed a written rental agreement on January 15, 1998. There is no dispute in the record that Billings signed the January 15 rental agreement, that she did not sign the January 26 rental agreement form, and that Cheeper's merely presented her with the superseding form at the time she returned the rental car.

█ To create a contract, there must be both an offer and an acceptance. *Tilt-Up Concrete v. Star City/Federal*, 255 Neb. 138, 582 N.W.2d 604 (1998). It is axiomatic that a contract is not binding unless it is signed or there is at least some manifestation of mutual assent to the terms of the unsigned writing. See *Coffey v. Mann*, 7 Neb. App. 805, 585 N.W.2d 518 (1998). In the present case, with respect to the January 26, 1998, rental agreement form, there is evidence of neither. See, also, *Carter v. Miller*, 128 Neb. 853, 260 N.W. 393 (1935) (fact that unaccepted offer purports to be contract does not change its legal effect or make it binding obligation before acceptance). Because Billings did not execute the January 26 rental agreement form and because there is no factual evidence of Billings' acquiescence to the terms of such form, the January 26 document is not binding upon Billings. Thus, the provisions of the January 26 rental agreement form regarding Cheeper's self-insured status, which provisions purported to place Cheeper's self-insurance secondary to Billings' liability insurance, are unenforceable, and due to Cheeper's inaccurate representation in the rental agreement which Billings signed that it had liability insurance, we treat Cheeper's self-insurance as insurance under the specific circumstances of this case.

Our determination that the unsigned January 26, 1998, rental agreement form is unenforceable and that Cheeper's self-insurance will be treated as insurance does not end our inquiry. When cross-motions for summary judgment have been ruled upon by the trial court, the appellate court may determine the controversy which is the subject of those motions or may make an order specifying the facts which appear without substantial controversy and direct such further proceedings as it deems just. *American Family Ins. Group v. Hemenway*, 254 Neb. 134, 575

N.W.2d 143 (1998). In its petition for declaratory judgment, State Farm sought declaratory relief "determining the rights and obligations of the parties with regard to the transactions and occurrences" surrounding Billings' rental of the automobile from Cheeper's. Those rights and obligations may be declared on the record before us.

There is no substantial controversy regarding the fact that Billings executed the January 15, 1998, rental agreement. In the January 15 rental agreement, Cheeper's states that it is insured by an automobile liability insurance policy, which is, "[i]n all cases . . . secondary to [Billings'] liability insurance." There is no dispute that Billings was covered by a State Farm liability policy which provided that when Billings was driving a rental vehicle covered by liability insurance, the State Farm coverage was "excess over such insurance." This court is thus presented with two contracts: Billings' January 15 rental agreement with Cheeper's, which we treat as incorporating liability insurance, and Billings' insurance policy with State Farm, each of which contains language which purports to place the primary responsibility in terms of liability on the issuer of the opposing contract.

■ It is a well-established legal principle in Nebraska that when controversies arise regarding insurance coverage because the applicable documents contain "mutually repugnant language intended to restrict or escape liability for a particular risk in the event there exists other insurance, . . . the owner's policy . . . provide[s] primary coverage and the driver's policy . . . provide[s] excess coverage." *Boren v. State Farm Mut. Auto. Ins. Co.*, 225 Neb. 503, 508, 406 N.W.2d 640, 644 (1987). See, also, *Jensen v. Universal Underwriters Ins. Co.*, 208 Neb. 487, 304 N.W.2d 51 (1981); *Bituminous Cas. Corp. v. Andersen*, 184 Neb. 670, 171 N.W.2d 175 (1969); *Farm Bureau Ins. Co. v. Allied Mut. Ins. Co.*, 180 Neb. 555, 143 N.W.2d 923 (1966); *Protective Fire & Cas. Co. v. Cornelius*, 176 Neb. 75, 125 N.W.2d 179 (1963); *Turpin v. Standard Reliance Ins. Co.*, 169 Neb. 233, 99 N.W.2d 26 (1959).

Based upon our well-established case law, we conclude that given the mutually repugnant language of Billings' insurance policy and Cheeper's January 15, 1998, rental car agreement, Cheeper's, as the owner of the automobile driven by Billings

pursuant to a rental agreement in which Cheeper's represented that it had liability insurance which was secondary to that of the driver, has the primary liability in this case. We make no comment on the issue of priority where the owner of a rental car is self-insured and such fact is disclosed in the operative rental agreement. Accordingly, we conclude, albeit for different reasons, that the district court did not err in determining that Cheeper's had the legal responsibility to provide the primary liability coverage on its automobile and that it was responsible for defending and indemnifying Billings. See *Pettit v. Paxton*, 255 Neb. 279, 583 N.W.2d 604 (1998) (when record demonstrates trial court decision is correct, although such correctness is based on different ground than that assigned by trial court, appellate court will affirm). Cheeper's first assignment of error is without merit.

*Indemnification.*

With respect to Cheeper's second assignment of error, we also conclude that the district court did not err in its order denying Cheeper's motion for summary declaratory judgment that Billings owed a duty to Cheeper's to indemnify Cheeper's for any and all amounts it might have to pay on Billings' behalf. We reject Cheeper's claim that Billings had an obligation to indemnify it either contractually or in equity.

The January 15, 1998, rental agreement contains no provisions regarding Billings' purported obligation to indemnify Cheeper's. Billings, therefore, is under no contractual obligation to indemnify Cheeper's.

Cheeper's argues that Billings is, nevertheless, liable under equitable principles to indemnify it. Cheeper's cites *Warner v. Reagan Buick*, 240 Neb. 668, 483 N.W.2d 764 (1992), and *Motor Club Ins. Assn. v. Fillman*, 5 Neb. App. 931, 568 N.W.2d 259 (1997), in support of its position. These cases do not support Cheeper's argument, however, because they rest on the claim that the party seeking indemnification was required to pay damages which another ought to have paid, which is not the fact in the instant case. Cheeper's must afford primary coverage to Billings, and Billings' insurer, State Farm, is thereafter responsible for excess coverage to the extent of Billings' policy limits,

if Cheeper's insurance is exhausted. See *State Farm Bureau Ins. Co. v. Allied Mut. Ins. Co., supra.* Cheeper's reliance on equitable principles to require Billings to indemnify it is unavailing, and Cheeper's second assignment of error is without merit.

## CONCLUSION

In this case, Billings' automobile insurance policy states that it is excess to the rental car company's insurance, and Cheeper's enforceable rental agreement states that it is insured by an automobile liability insurance policy and that such policy is secondary to the renter's liability insurance. The two contracts contain mutually repugnant language. We conclude, for the reasons stated above, that under such circumstances, the owner of the vehicle, in this case, Cheeper's, shall be primarily liable. We conclude that the district court did not err in granting State Farm's and Billings' motions for summary judgment against Cheeper's and in denying Cheeper's motions for summary judgment.

AFFIRMED.