ALLIED MUTUAL INSURANCE COMPANY, APPELLEE, V.
UNIVERSAL UNDERWRITERS INSURANCE COMPANY, APPELLANT.

657 N.W.2d 905

Filed March 21, 2003. No. S-02-347.

Tim B. Streff, of Govier, Milone & Streff, L.L.P., and J. Patrick Green, of Creighton Law School, for appellant.

Thomas B. Wood, of Wolfe, Snowden, Hurd, Luers & Ahl, L.L.P., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

In this declaratory judgment action, the parties sought a determination as to which of two insurance policies provided coverage for the loss of an automobile that was destroyed by fire. The district court found that Universal Underwriters Insurance Company (Universal), which issued the policy insuring the automobile, provided coverage, and the court entered summary judgment in favor of Allied Mutual Insurance Company (Allied), which insured the driver of the automobile. Universal appeals.

## SCOPE OF REVIEW

■ The interpretation of an insurance policy is a question of law, in connection with which an appellate court has an obligation to reach its own conclusions independently of the determination made by the lower court. *Neff Towing Serv. v. United States Fire Ins. Co.*, 264 Neb. 846, 652 N.W.2d 604 (2002).

## FACTS

The parties entered into a stipulation of facts which indicates the following: Allied provided automobile insurance coverage to Kevin Hollister, and Universal provided comprehensive property and liability insurance to Kerr Chevrolet (Kerr). In December 1999, Kerr loaned Hollister a 1998 Chevrolet Monte Carlo while his car was being serviced. (We will refer to this service loaner automobile as "the loaner.") The loaner was operated under dealer plates. The loaner was destroyed by fire when Hollister

drove it off the road and grass underneath it ignited. When Kerr sought indemnification for the loss from Allied and/or Universal, a dispute arose between the insurance companies. Allied loaned Kerr $7,250 to indemnify for the loss of the loaner, as evidenced by a loan receipt. Allied sued Universal seeking subrogation.

In a petition for declaratory judgment filed on September 7, 2000, Allied claimed that the Universal policy provided coverage for the loaner which was primary to the coverage provided by Allied to Hollister, which coverage was "secondary." Allied alleged that Kerr had demanded indemnification for the loss from Universal.

Universal claimed that the loaner was under Hollister's care, custody, and control, which therefore created a bailment relationship, and that Hollister had neglected to return the property to Kerr in the same condition as it was delivered to him. Universal admitted that it insured Kerr for the relevant timeframe. Universal also claimed that Hollister was not an insured under its policy with Kerr because the loaner was being operated under dealer plates and Hollister was not required to be an insured under Nebraska's Motor Vehicle Safety Responsibility Act. Universal asserted that the petition failed to state a cause of action, that a bailment relationship existed between Kerr and Hollister, and that, therefore, Allied was responsible for the damages as Hollister's insurer.

Both Universal and Allied moved for summary judgment. On February 12, 2002, the district court sustained Allied's motion for summary judgment and overruled Universal's motion. The court found that coverage for the damages resulting from Hollister's actions was provided by the Universal policy and not by the Allied policy. Universal's motion for new trial was overruled, and Universal appealed.

## ASSIGNMENTS OF ERROR

Universal claims the district court erred in holding that certain language in the Universal policy ("[i]f the permissive driver has no other insurance, the most WE will pay is the minimum financial responsibility law limits in the jurisdiction where the OCCURRENCE took pla[c]e") was solely a statement as to the limits of the coverage provided. It also asserts that the court

erred in failing to hold that the language was also a condition of coverage of a customer using a service loaner automobile and in finding that Hollister was an additional insured under "Coverage Part 500" of the Universal policy.

## ANALYSIS

The interpretation of an insurance policy is a question of law, in connection with which an appellate court has an obligation to reach its own conclusions independently of the determination made by the lower court. *Neff Towing Serv. v. United States Fire Ins. Co.*, 264 Neb. 846, 652 N.W.2d 604 (2002). We therefore interpret the insurance policies independent of the determination made by the district court.

The "State Amendatory Part" of Universal's insurance policy provided the following additions to "Coverage Part 500":

WHO IS AN INSURED, With respect to the AUTO HAZARD — the following insureds are added:

(5) any driver of a . . . SERVICE LOANER AUTO, but only within the scope of YOUR permission.

. . . THE MOST WE WILL PAY, item (1) — the following paragraph is added:

With respect to the AUTO HAZARD part (5) of WHO IS AN INSURED:

(a) If the permissive driver has no other insurance, the most WE will pay is the minimum financial responsibility law limits in the jurisdiction where the OCCURRENCE took pla[c]e.

(b) If the permissive driver has other insurance (whether primary, excess or contingent) that is less than the minimum financial responsibility law limits where the OCCURRENCE took place, the most WE will pay is the amount by which the minimum financial responsibility law limits exceed the limit of their other insurance.

Universal argues that the district court erred in holding that language in its policy concerning the most it would pay was a statement as to the limits of the coverage provided, rather than finding that the language was also a condition of coverage for a customer using a service loaner automobile. Universal claimed that it provided coverage to Hollister only if his coverage from

the Allied policy was less than required by the minimum financial responsibility law, which is $25,000 for property damage. (See Neb. Rev. Stat. § 60-534 (Cum. Supp. 2002)). Under Universal's interpretation of its policy, it was required to provide coverage for Hollister only if he had no insurance or had insurance which covered damages of less than $25,000. The court found that this clause provided a limit on the amount Universal would pay, rather than an exclusion of coverage.

The liability portion of Allied's policy provides:

> If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

Thus, Allied's policy provided excess coverage for the particular risk in this case because Hollister was driving a nonowned automobile as a temporary substitute. Universal's policy was written to restrict its liability because Hollister had other insurance. Therefore, these policies contain mutually repugnant language. Both transfer liability to the other existing policy of insurance. Universal limits its liability based on other insurance, and Allied designates its coverage as excess.

"[W]hen controversies arise regarding insurance coverage because the applicable documents contain 'mutually repugnant language intended to restrict or escape liability for a particular risk in the event there exists other insurance . . . the owner's policy . . . provide[s] primary coverage and the driver's policy . . . provide[s] excess coverage.'" *State Farm Mut. Auto. Ins. Co. v. Cheeper's Rent-A-Car*, 259 Neb. 1003, 1011, 614 N.W.2d 302, 309 (2000).

In that case, the driver of a rental car owned by Cheeper's Rent-A-Car, Inc. (Cheeper's), was involved in a car accident. The driver had an insurance policy with State Farm Mutual Automobile Insurance Company (State Farm) which provided liability coverage resulting from the use of a temporary substitute car or a nonowned car. An amendment to the policy provided that the coverage for a temporary substitute car was excess over self-insurance. The rental agreement signed by the

driver provided that the liability policy of Cheeper's was secondary to the renter's liability insurance.

The trial court was therefore presented with two contracts: the rental agreement which incorporated liability insurance and the driver's insurance policy with State Farm. Each of the contracts "contain[ed] language which purport[ed] to place the primary responsibility in terms of liability on the issuer of the opposing contract." *Id.* This court found that the language in the driver's insurance policy and the rental agreement was mutually repugnant and that Cheeper's, the owner of the rental car, had primary liability for the damages to the car.

■ The holding in *State Farm Mut. Auto. Ins. Co. v. Cheeper's Rent-A-Car, supra,* follows a line of cases in which this court has stated that when a conflict exists because insurance policies contain "mutually repugnant language intended to restrict or escape liability for a particular risk in the event there exists other insurance . . . . the owner's policy . . . provide[s] primary coverage and the driver's policy . . . provide[s] excess coverage." See *Boren v. State Farm Mut. Auto. Ins. Co.,* 225 Neb. 503, 508, 406 N.W.2d 640, 644 (1987), citing *Jensen v. Universal Underwriters Ins. Co.,* 208 Neb. 487, 304 N.W.2d 51 (1981); *Bituminous Cas. Corp. v. Andersen,* 184 Neb. 670, 171 N.W.2d 175 (1969); *Farm Bureau Ins. Co. v. Allied Mut. Ins. Co.,* 180 Neb. 555, 143 N.W.2d 923 (1966); *Protective Fire & Cas. Co. v. Cornelius,* 176 Neb. 75, 125 N.W.2d 179 (1963); and *Turpin v. Standard Reliance Ins. Co.,* 169 Neb. 233, 99 N.W.2d 26 (1959).

■ In *Jensen v. Universal Underwriters Ins. Co., supra,* the driver was involved in an accident while driving a temporary replacement automobile. The automobile was covered by a garage policy issued by Universal, which stated that it covered insureds who had no liability insurance of their own. The driver's policy stated that it was excess with respect to a temporary substitute automobile. This court held that the owner's policy afforded coverage. " 'Where an excess insurance clause in a driver's automobile liability policy and a no-liability clause in the automobile owner's liability policy apparently conflict, the no-liability clause is ineffective and the driver's insurance excess.' " *Id.* at 492, 304 N.W.2d at 54, quoting *Bituminous Cas. Corp. v. Andersen, supra.*

In the present case, Universal's policy contained a limitation of liability clause, and Allied's policy contained an excess insurance clause. Following this court's precedent, Universal's attempt to avoid liability through the limitation of liability clause must be held to be ineffective, and Allied's insurance policy must be held to provide excess coverage.

The same type of situation arose in *Farm Bureau Ins. Co. v. Allied Mut. Ins. Co., supra.* A temporary substitute automobile that was covered by a garage liability insurance policy with Allied was involved in an accident. The automobile was driven by a person who had received permission from a driver who was insured by Farm Bureau Insurance Company of Nebraska (Farm Bureau). The Farm Bureau policy provided that it was excess in the case of a temporary substitute automobile, and the Allied policy contained an endorsement which covered damages for a rental car provided by the garage while a customer's car was being serviced or repaired. This court held that the Allied garage policy provided primary coverage and that the Farm Bureau policy provided excess coverage to the extent of its policy limits. We stated:

> In Turpin v. Standard Reliance Ins. Co., 169 Neb. 233, 99 N. W. 2d 26 [1959], we held: "Where two motor vehicle liability policies contained identical omnibus clauses relating to prorating of loss occurring under the provisions of such policies and a driver, not the owner of the motor vehicle, was driving it with the owner's permission and became involved in an accident resulting in injury and property damage for which a judgment was obtained against him, the insurance carried by such driver would be excess over all other insurance, *and the insurance carrier of the owner of the motor vehicle would be liable for the entire judgment sustained against the driver to the extent of the limit of such policy.*"

(Emphasis supplied.) *Farm Bureau Ins. Co. v. Allied Mut. Ins. Co.*, 180 Neb. at 560-61, 143 N.W.2d at 926-27.

The mutually repugnant language in the two policies in the present case requires a finding that the owner's policy, written by Universal, provides the primary coverage.

Universal also assigns as error the district court's finding that Hollister was an additional insured under "Coverage Part 500" of the Universal policy. The policy defined an insured as "any

driver of a . . . SERVICE LOANER AUTO . . . within the scope of [the policyholder's] permission." A service loaner automobile is defined as "an AUTO that YOU provide for a customer's use while that CUSTOMER'S AUTO is in YOUR possession for safekeeping, storage, service or repair." The loaner destroyed in the fire was one provided by Kerr for Hollister's use while his automobile was in Kerr's possession for service. Hollister was an insured under Universal's policy when he was driving the loaner. It is clear that Hollister was an insured under Universal's policy at the time of the loss. There is no merit to this assignment of error.

Universal argues that this case is controlled by *Leader Nat. Ins. v. American Hardware Ins.*, 249 Neb. 783, 545 N.W.2d 451 (1996), because it claims the policy language is the same in each case. We disagree.

In *Leader Nat. Ins. v. American Hardware Ins., supra*, Thomas Lustgraaf was insured by Leader National Insurance Company (Leader). He took a vehicle from Bellevue Nissan, Inc., for a test drive and had a collision which resulted in the filing of two lawsuits against him for property damage. Bellevue Nissan was insured by American Hardware Insurance Group (American). Lustgraaf demanded that American defend, indemnify, and pay all damages stemming from the accident, and American denied coverage. Leader defended Lustgraaf and settled all claims for $9,418.05.

Leader sued American, claiming that American provided the primary coverage. This court concluded that customers of Bellevue Nissan who with permission borrowed a vehicle owned by Bellevue Nissan were insured only if the customers carried vehicle liability insurance less than that required by law. Since Lustgraaf was sufficiently insured as required by law to cover the damages he caused while driving the dealership's vehicle, Lustgraaf was not an insured under the policy issued by Leader. We concluded that Leader provided no coverage to Lustgraaf and that American had the primary duty to defend him.

In the present case, the district court distinguished *Leader Nat. Ins. v. American Hardware Ins., supra*, because the Universal policy specifically covered a demonstrator or service loaner automobile. The court concluded that Universal did provide coverage for

an automobile supplied for a customer's use while the customer's automobile was in Kerr's possession for service or repair.

Universal also relies on *Universal Underwriters Ins. Co. v. Farm Bureau Ins. Co.*, 243 Neb. 194, 498 N.W.2d 333 (1993). The facts in that case are different from the case at bar. There, a service loaner was damaged, and Universal paid the automobile dealer, its insured. Universal then sought subrogation from Farm Bureau, the driver's insurer. The trial court found that the driver was an insured person under Universal's policy and that therefore Farm Bureau's coverage was excess to Universal's coverage. We reversed because we held that the driver was not an insured under Universal's policy, and therefore, the coverage provided by Farm Bureau was primary. In the present case, coverage was provided by Universal for the automobile driven by Hollister as a service loaner automobile.

This court is obligated to reach a conclusion independently of the determination made by the lower court. See *Neff Towing Serv. v. United States Fire Ins. Co.*, 264 Neb. 846, 652 N.W.2d 604 (2002). The insurance policies at issue contain mutually repugnant language, and when such is the case, the owner's policy provides primary coverage and the driver's policy provides excess coverage. Thus, in the case at bar, Universal's policy provides primary coverage and Allied's policy provides excess coverage.

## CONCLUSION

Allied is entitled to a judgment against Universal as a matter of law. The judgment of the district court is affirmed.

AFFIRMED.